**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

REBECCA JEAN BYRNE,

                          Plaintiff,

      v.                                              1:25-CV-589
                                                                      (DNH/DJS)

FULTON COUNTY PROBATION DEPARTMENT
and SHARI ACQUILLA-SIMON,

                          Defendants.

## DECISION and ORDER

This action was commenced on May 12, 2025. Dkt. No. 1. It was administratively closed because Plaintiff did not comply with the filing fee requirements for the action, Dkt. No. 4, but was subsequently reopened upon payment of the fee. Dkt. No. 16. Although the matter is in just the early stages of litigation, Plaintiff has filed numerous Motions, which the Court addresses below.

Upon filing the action, Plaintiff also filed a letter arguing that equitable tolling be applied to her case. Dkt. No. 2. This issue has now been presented for review by way of a motion to dismiss and is, therefore, denied in favor of litigating the issue in the context of that motion.

After the matter was administratively closed, but before the filing fee was received, Plaintiff moved to reopen the case. Dkt. No. 5. As noted above, the Court did reopen the

matter upon receipt of the filing fee, Dkt. No. 16, and so the Motion to Reopen is now moot.

Plaintiff next filed a Motion asking the Court to "explicitly acknowledge [a] structural conflict" arising from the "share[d] physical proximity and longstanding institutional relationships" between the Court and the United States Attorney's Office, which Plaintiff expects to represent some Defendants. Dkt. No. 8 at p. 1. The Court notes that the United States Courts and the United States Attorney's Office are distinct federal entities and it is unclear what conflict it is that Plaintiff is identifying. Given that the nature of the relief is unclear, the Motion is denied.

Plaintiff's Complaint was filed May 12. Dkt. No. 1. She filed an Amended Complaint on June 17. Dkt. No. 17. Plaintiff then filed a Second Amended Complaint on August 12. Dkt. No. 34. Under the Federal Rules of Civil Procedure "[a] party may amend its pleading *once* as a matter of course." FED. R. CIV. P. 15(a)(1) (emphasis added); *see also Cruz-Droz v. Marquis*, 2017 WL 6614256, at *5 (D. Conn. Dec. 27, 2017) ("the plaintiff can amend his complaint only once as of right."). Here, because the Second Amended Complaint was filed without court leave, it was improper. The Clerk's Office, therefore, is directed to strike the pleading and the Amended Complaint is deemed the operative pleading. *Ross v. Superintendent of Clinton Corr. Facility*, 2021 WL 2792244, at *1 (N.D.N.Y. May 14, 2021), *report and recommendation adopted*, , 2021 WL 2562179 (N.D.N.Y. June 22, 2021).

Plaintiff has also made two motions regarding a purported inability to effectuate service of process. Dkt. Nos. 26 & 33. To the extent those Motions seek discovery from other parties regarding potential service addresses of individually named Defendants, they are deemed premature at this juncture. Plaintiff also seeks to utilize alternative means of service or an extension of time to serve. *Id.* Under Federal Rule of Civil Procedure 4(m), the Court can extend the time to serve the Complaint for "good cause" shown. The Motions makes clear that Plaintiff has taken steps to serve process in this case and so she has demonstrated good cause for an extension. The Court, therefore, grants the Motions to the limited extent that it extends the time to serve the Amended Complaint for an additional sixty days.[1]

Finally, several defense counsel have requested a deadline be set for responding to the Amended Complaint. Dkt. Nos. 42 & 47. Given the procedural posture of this case, the Court extends the time for all served Defendants to answer or otherwise move with respect to the Amended Complaint to October 15, 2025. The Rule 16 conference and the deadlines associated therewith for submission of a case management plan and service of initial disclosures are adjourned without date.

**ACCORDINGLY**, it is

---

[1] The Court notes that a Summons served under Rule 4 must "be signed by the clerk; and bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F)&(G). It is not clear from Plaintiff's submissions in support of these Motions that Plaintiff has complied with this rule.

**ORDERED**, that the Clerk is directed to strike the Second Amended Complaint and the Amended Complaint is deemed the operative pleading; and it is further

**ORDERED**, that the Motions filed at Docket Nos. 2, 5, and 8 are **DENIED**; and it is further

**ORDERED**, that the Motions regarding service (Dkt. Nos. 26 & 33) are **GRANTED in part and DENIED in part** only insofar as Plaintiff is granted a sixty (60) day extension of time to serve Defendants; and it is further

**ORDERED**, that the requests for an extension of time to respond to the Amended Complaint (Dkt. Nos. 42 & 47) are **GRANTED** and all parties shall have until October 15, 2025 to answer or otherwise move with respect to the Amended Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: September 9, 2025
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge