UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REBECCA JEAN BYRNE,

                       Plaintiff,

      v.                                         1:25-CV-589
                                                      (DNH/DJS)

COHOES HOUSING AUTHORITY, *et al.*,

                       Defendants.
_____

## **DECISION and ORDER**

Several non-dispositive motions are presently pending in this matter. The Court notes that various groups of Defendants have also moved to dismiss and those motions will be addressed in due course by the assigned District Court Judge.

### **A. Motion for Reconsideration**

On September 9, 2025, this Court issued a Decision and Order which, in part, denied a letter request by Plaintiff that equitable tolling be applied to Plaintiff's claims to avoid any dismissal based on statute of limitations grounds. Dkt. No. 53 at p. 1. Now pending is a Motion to Reconsider that determination under FED. R. CIV. P. 59 and 60. Dkt. No. 75 at p. 1. In the Motion, Plaintiff argues again why equitable tolling should be applied. *Id.* at p. 2.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light;

or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). None of these bases is implicated by Plaintiff's Motion for Reconsideration. In denying the original motion, the Court noted only that the statute of limitations and the applicability of equitable tolling were already before the District Court by way of a motion to dismiss. Dkt. No. 53 at p. 1; *see also* Dkt. No. 49-1. Because of that, the issue was best deferred to consideration of that Motion. The pending Motion for Reconsideration identifies no intervening change in the controlling law or relevant new evidence. Nor can Plaintiff assert that having this issue addressed on the merits as part of the pending motion to dismiss was either a clear error of law or manifestly unjust.

For these reasons, the Motion for Reconsideration is denied.

**B. Motions to Amend**

Plaintiff has filed two motions regarding leave to file a Second Amended Complaint. Dkt. Nos. 91 & 95. While FED. R. CIV. P. 15(a) states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires," *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006), the circumstances of this case warrant denial of the application at this time. "[A]mended pleadings must be complete pleadings." *Turane v. New York*, 2020 WL 2124099, at *1 (N.D.N.Y. May 5, 2020). "One of the purposes of the requirement that an amended complaint be a complete

pleading is to ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him." *Id.* (internal quotation, alteration, and citation omitted). Here, it appears clear that the proposed second amended complaint is not a complete pleading. It contains limited factual pleading compared to the current operative pleading. *Compare* Dkt. No. 17 *with* Dkt. No. 91. The declaration accompanying the motion to amend contains significantly more factual pleading and it is unclear whether those facts are intended to be included in the proposed amendment. *See* Dkt. No. 91 at p. 8. Moreover, under this Court's Local Rules, the Motion to Amend should have, but did not, include a redlined version that clearly shows the nature of the proposed amendments. L.R. 15.1(a). The failure to do so here is an additional ground for denial of the Motion. *Syfert v. City of Rome*, 2020 WL 7053542, at *2 (N.D.N.Y. Dec. 2, 2020).

### C. Remaining Motions

Several additional motions concerning striking of documents filed on the docket are pending with the undersigned. Dkt. Nos. 82, 99, & 152. Those Motions are denied. *Bradshaw v. Piccolo*, 772 F. Supp. 3d 331, 341 (W.D.N.Y. 2025) (noting a court's discretionary authority to strike filings). Plaintiff, however, is again cautioned that the filing of extraneous material on the Court's docket can result in sanctions, including the striking of those documents.

**ACCORDINGLY**, it is

**ORDERED**, that the Motions filed at Docket Nos. 75, 82, 91, 95, 99, and 152 are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: February 17, 2026
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge